IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JIMMY A. SCHLIER, ET AL., : | |
| Plaintiffs, : | |
| : | CIVIL ACTION NO. 3:CV-04-1863 |
| vs. : | |
| : | (JUDGE CAPUTO) |
| CAPT. JOHN G. RICE, ET AL. : | |
| Defendants. : | |

### **MEMORANDUM**

Before me is Defendants' Motion for Reconsideration. (Doc. 64.) The motion seeks reconsideration of my Order of October 17, 2006 (Doc. 63) in which I granted Plaintiffs' Renewed Motion for Leave to Serve a Second Amended and Supplemental Complaint (Doc. 47). The Plaintiffs' motion was originally filed August 8, 2006, but apparently no opposition was filed at that time because the parties were working on resolving the issue of the reinstatement of Plaintiffs as an authorized tower for the Pennsylvania State Police (PSP).

On October 4, 2006, the Plaintiffs filed a supplemental brief on the renewed motion to amend and supplement and served it on the Defendants. The Defendants never filed a brief in opposition to the motion to amend and supplement when it was originally filed in August, 2006, although one was prepared. Given the circumstances concerning the negotiation of the reinstatement of Plaintiffs during the period up to August 25, 2006, I will not find that the Defendants waived their ability to oppose the motion to supplement and amend, and I will consider the original motion on the merits.

## DISCUSSION

By the proposed supplemental and amended pleading, the Plaintiffs seek, among other things, to add a Count III which is a First Amendment claim against Colonel Jeffrey B. Miller, not previously a party. Colonel Miller is the Commissioner of the PSP. The theory of proposed Count III is that Colonel Miller's delay in responding favorably to Plaintiffs' counsel's letter of March 9, 2006 provided knowledge of and acquiescence in the violation of Plaintiffs' First Amendment rights and was therefore actionable under 42 U.S.C. §1983. For a supervisor to be held liable under § 1983, Plaintiffs must show more than *respondeat superior* liability and, instead, must show that the supervisor played a personal role in violating their rights. *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1478 (3d Cir. 1990). This can be shown by personal conduct of the supervisor, personal direction from a supervisor, or by "actual knowledge and acquiescence." *Id.* (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). While the Plaintiffs assert that Colonel Miller failed to act for five months – March, 2006 through August 25, 2006 when an agreement on reinstatement was reached, Defendants assert that the five months in question were not filled with inaction, but rather were consumed with negotiations and submittals and resubmittals of offers, counteroffers and draft agreements.

It is clear that leave to amend should be freely granted absent delay, bad faith or dilatory motive, undue prejudice or futility of the proposed amendment. *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990).

The instant case was filed in August, 2004. In November, 2004, a Rule 12(b)(6) motion was filed by Defendants. In January, 2005, Plaintiffs mooted this motion by

amending their pleading.  A Rule 12(b)(6) motion to this amended complaint was denied in February, 2006.  On July 25, 2006, Plaintiffs filed a motion for a preliminary injunction seeking reinstatement of Plaintiffs to the PSP towing referral list.  A hearing was scheduled for August 2, 2006, but was continued at the request of the parties because resolution seemed imminent.  On August 25, 2006, the parties advised me they had indeed resolved the reinstatement issue and thereby obviated the need for an injunction hearing.

In the meantime, in the month of August, 2006, a Case Management Order was issued which set a date for seeking to amend pleadings of October 2, 2006, and Plaintiffs filed their renewed motion to file a supplemental and amended complaint together with a supporting brief.

**(1) Delay.**  This case was filed in August, 2004.  It was amended twice, and it was only after the application for a preliminary injunction to cause the reinstatement of the Plaintiffs to the referral list that Plaintiffs sought to add Colonel Miller, who Plaintiffs say in Count III of the proposed pleading, was instrumental in depriving the Plaintiffs of their First Amendment rights regarding presence on the referral list.  While it does appear that it could have been sought sooner, I am not prepared to say the delay was undue.

**(2) Prejudice.**  There is no doubt Colonel Miller would be prejudiced by joinder, but no more than anyone who is sued as a defendant in a civil action.

**(3) Futility.**  The Defendants argue that the Plaintiffs have not alleged any facts which would support a claim against Colonel Miller.  Rule 8 of the Federal Rules of Civil Procedure does not require that facts underlying a claim be alleged.  Rule 8 requires only a short and plain statement of the claim.  The Defendants do not argue that given the

3

allegations there is no claim for relief under the First Amendment against Colonel Miller. Rather, they argue that Colonel Miller had nothing to do with the referral lists, that it was not in his area of responsibility and that he had no control over the list. This may well be so, but it is a matter of defense and not the substance of opposition based on futility. Such opposition would, of necessity, involve asserting that given the truth of the allegations of proposed Count III the law is that such alleged conduct is not a violation of the First Amendment and therefore not actionable under § 1983. Defendants make no such argument.

Therefore, the supplemental and amended pleading is timely; there is no prejudice to Colonel Miller; and, it is not futile. It will therefore be allowed, and the motion for reconsideration will be denied.

An appropriate Order follows.

Date: <u>December 19, 2006</u>          <u>/s/ A. Richard Caputo</u>
                                        A. Richard Caputo
                                        United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JIMMY A. SCHLIER, ET AL.,  :
:
    Plaintiffs,  :
: CIVIL ACTION NO. 3:CV-04-1863
    vs.  :
: (JUDGE CAPUTO)
CAPT. JOHN G. RICE, ET AL.  :
:
    Defendants.  :
:

## **ORDER**

NOW, this 19th day of December, 2006, IT IS HEREBY ORDERED that Defendants' Motion for Reconsideration (Doc. 64) is **DENIED**.

                            /s/ A. Richard Caputo
                            A. Richard Caputo
                            United States District Judge