IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


JIMMY A. SCHLIER, ET AL.,           :
                                    :
        Plaintiffs,                 :
                                    :        CIVIL ACTION NO. 3:CV-04-1863
        vs.                         :
                                    :              (JUDGE CAPUTO)
CAPT. JOHN G. RICE, ET AL.          :
                                    :
        Defendants,                 :
                                    :

## MEMORANDUM

Before me is Defendants' Motion to Quash and for a Protective Order.  (Doc.

68.)  Defendants seek to quash a subpoena served on Colonel Jeffrey B. Miller,

Commissioner of the Pennsylvania State Police, seeking his presence at a

deposition as well  as enumerated documents.  *See* Rule 45(c)(3)(A)(iv), Fed. R.

Civ. P.  Defendants also seek a protective order under Rule 26(c)(1) of the Federal

Rules of Civil Procedure and Local Rule 7.1 to preclude Colonel Miller's deposition.

The motion is predicated on the contention that Count III of the Second

Amended and Supplemental Complaint (Doc. 67) is without merit.[1]  Defendants also

claim the documents sought are documents regarding which Colonel Miller has no

personal knowledge, are privileged, are irrelevant to Count III of the Second

Amended and Supplemental Complaint, and are annoying, embarrassing, and

---

[1] Defendants moved for reconsideration of my order of October 17, 2006 allowing
the Second Amended and Supplemental Complaint on the basis that amendment
seeking to state a claim against Colonel Miller was futile since there was no claim
cognizable against Colonel Miller.  *See* Doc. 64.  By Memorandum and Order
of December 19, 2006, I denied the Defendants' Motion for Reconsideration. (Doc.85.)

unduly burdensome, have previously been produced, or are obtainable by other means.  I will consider the stated bases of Defendants' motion.

### (1) <u>Futility of Count III</u>

I have determined that Count III is not, at this juncture, futile.  It states a claim for relief.  Therefore, the disallowance of the Second Amended and Supplemental Complaint is not a basis for me to quash the subpoena or issue a protective order.

### (2) <u>Documents Sought are Privileged</u>

Defendants make the blanket assertion that the documents sought in the subpoena are privileged, yet Defendants fail to satisfy Rule 26(b)(5) of the Federal Rules of Civil Procedure by describing the nature of the documents claimed to be privileged and disclosing them in a manner that will enable the other parties to assess the applicability of the privilege without revealing the privileged information. Fed. R. Civ. P. 26(b)(5).  Fed. R. Civ. P. 45(d) has a similar requirement. *See* Fed. R. Civ. P. 45(d)(1) and (2).

However, the documents called for by Item 5 include correspondence and communication with counsel. On their face, they are privileged, and will not be produced.

Because the Defendants have failed to comply with the rules insofar as identifying the documents claimed to be privileged and why (without revealing the substantive privileged information), this likewise cannot support the Defendants' motion.

2

### (3)  Irrelevant to Count III

Again, the Defendants assert in blanket fashion that all documents sought by the subpoena are irrelevant to Count III of the Second Amended and Supplemental Complaint.  Count III seeks to recover against Colonel Miller individually for his alleged part in the denial of towing privileges to the Plaintiffs.

The relevance of the documents called for by Items 1, 2 and 3 is unclear, and Plaintiffs have not convinced me of their relevance.  Moreover, the good cause needed to trigger the discovery of information reasonably calculated to the discovery of admissible evidence has likewise not been established by Plaintiffs.  Therefore, these documents need not be provided.

### (4)  Annoying, Embarrassing and Burdensome

There is nothing offered, other than the normal inconvenience and annoyance of having to be deposed, that qualifies as burdensome under the Federal Rules of Civil Procedure.  Therefore, this basis does not support the Defendants' motion.

### (5)  Documents Have Been Produced or are Available Elsewhere

If the documents have already been produced, there is no need to pro-duce them again, however, Defendants do not inform as to which documents have been produced and when; information necessary to enable Plaintiffs to determine if they have documents meeting the description in the subpoena.

Insofar as the documents being available from other sources, again the Defendants fail to identify which documents, and they fail to state the source

3

from which they are available.  This position is not helpful to me, nor does it form

a valid support for the Defendants' motion.

**CONCLUSION**

The Defendants' motion will be granted in part and denied in part.

First the motion for protective order will be denied.  Colonel Miller's deposition

will go forward.  Second, Colonel Miller need not produce the documents called

for by items 1, 2 and 3 of the subpoena and the motion to quash will be granted

as to these documents.  Third, the documents called for by item 5 appear, on

their face, to be privileged, and the motion to quash will be granted as to those

documents.  In all other respects, the Defendants' motion will be denied.

An appropriate Order follows.

Date:   December 20, 2006                    /s/ A. Richard Caputo
                                            A. Richard Caputo
                                            United States District Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


JIMMY A. SCHLIER, ET AL.,                    :
                                             :
      Plaintiffs,                           :
                                             :        CIVIL ACTION NO. 3:CV-04-1863
      vs.                                   :
                                             :             (JUDGE CAPUTO)
CAPT. JOHN G. RICE, ET AL.                   :
                                             :
      Defendants,                           :
                                             :


## <u>ORDER</u>

**NOW**, this <u>20th</u> day of December, 2006, **IT IS HEREBY ORDERED**

that Defendants' Motion to Quash and for a Protective Order (Doc. 68) is granted

in part and denied in part as follows:

     1.   Defendants' motion for a protective order is **DENIED**.  The deposition
of Colonel Jeffrey B. Miller, Commissioner of the Pennsylvania State Police, shall
go forward.

     2.   Defendants' motion to quash subpoena is **GRANTED IN PART and
DENIED IN PART** as follows:

        (a)       Defendants' motion is **granted** as to the documents called
               for by Items 1, 2, 3 and 5 of the subpoena.

        (b)       Defendants' motion is **denied** in all other respects.


                          /s/ A. Richard Caputo
                          A. Richard Caputo
                          United States District Judge