**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JIMMY A. SCHLIER, WRECKERS INTERNATIONAL INC., d/b/a SCHLIER'S TOWING & SERVICE CENTER,<br><br>   Plaintiffs,<br><br>   v.<br><br>CAPT. JOHN G. RICE, et al.,<br><br>   Defendants. | CIVIL ACTION NO. 3:04-CV-1863<br><br>(JUDGE CAPUTO) |

## MEMORANDUM

Presently before the Court is Defendants Captain John G. Rice, Colonel Jeffrey B. Miller, Lieutenant Colonel Cynthia Transue, Lieutenant David Douglas, Daniel McGuire, Esquire, Joe M. Robb, and Josie Sharp's Motion to Dismiss (Doc. 76) Count III of Plaintiffs Jimmy A. Schlier, Wreckers International Inc., d/b/a Schlier's Towing & Service Center's Second Amended and Supplemental Complaint (Doc. 67) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.  For the reasons set forth below, Defendants' motion will be denied. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343.

## BACKGROUND

The following are the facts alleged in Plaintiffs' Second Amended and Supplemental Complaint (Doc. 67).  Jimmy A. Schlier ("Schlier") owns and operates Wreckers International Inc., d/b/a Schlier's Towing & Service Center ("Towing Co."). (Doc. 67 ¶ 3.)  Schlier and Towing Co. were listed on the approved referral list of the Pennsylvania State Police ("State Police"), and thereby regularly received requests from

several barracks of the State Police to tow vehicles which were broken-down, involved in accidents, or impounded for criminal investigation. (Doc. 67 ¶ 15.)  Schlier and Towing Co. also provided automotive service to the State Police, including maintenance, body work, and storage. (Doc. 67 ¶ 16.)

Beginning in late 2001, Schlier and Towing Co. became involved in a series of billing disputes with the State Police. (Doc. 67 ¶ 17.)  Specifically, Plaintiffs allege that the State Police failed to pay for towing services and repairs made to state vehicles. (*Id.*)  Schlier and Towing Co. contacted Defendant Captain John G. Rice ("Captain Rice") in April of 2002, who confirmed that the State Police owed Plaintiffs for their services and directed them to submit all unpaid invoices to him. (Doc. 67 ¶ 20.)  Schlier also discussed the billing dispute with a member of the Pennsylvania General Assembly, Representative Kelly Lewis ("Representative Lewis"). (Doc. 67 ¶ 19.)

In addition, on April 27, 2002, Schlier sent a formal complaint to Captain John R. Brown, Director of the Internal Affairs Division of the State Police, concerning the actions of certain members of the State Police. (Doc. 67 ¶ 23.)  In the complaint, Schlier criticized the State Police for not paying its bills and for directing towing business away from Plaintiffs and toward another towing operator. (Doc. 67 ¶ 24.)  Schlier sent a copy of this complaint to Representative Lewis, who contacted the State Police on Schlier's behalf. (Doc. 67 ¶ 25.)  Captain Brown forwarded Schlier's complaint to Captain Rice sometime in May of 2002. (Doc. 67 ¶ 26.)

As had been directed by Captain Rice, Plaintiffs submitted copies of unpaid invoices. (Doc. 67 ¶ 21.)  These invoices totaled $33,325.75. (*Id.*)  Captain Rice forwarded the copies of the unpaid invoices to Daniel McGuire, Esquire, assistant

2

counsel for the State Police ("Attorney McGuire"). (*Id.*) On May 17, 2002, Attorney McGuire informed Plaintiffs that the State Police was refusing payment. (*Id.*)

On August 27, 2002, Captain Rice informed Schlier by letter that he was removing Towing Co. from all of the towing referral lists, effective September 6, 2002. (Doc. 67 ¶ 27.) Captain Rice stated in the letter that Towing Co. could apply for reinstatement after a six month period. (Doc. 67 ¶ 28.)

On September 6, 2002, Plaintiffs' counsel wrote Attorney McGuire requesting that Towing Co.'s removal from the referral list be stayed pending an investigation and asserted that Towing Co.'s removal from the referral list was vindictive and motivated by Schlier's formal complaint. (Doc. 67 ¶ 29.) On September 24, 2002, Attorney McGuire informed Plaintiffs that the stay request had been denied. (Doc. 67 ¶ 30.)

On November 15, 2002, Plaintiffs filed an action in the Pennsylvania Board of Claims against the State Police for non-payment of charges totaling $472,482. (Doc. 67 ¶ 32.) Plaintiffs alleged that Attorney McGuire unequivocally refused to pay the outstanding charges. (*Id.*)

On March 6, 2003, Plaintiffs applied to the State Police for readmission to the towing service list. (Doc. 67 ¶ 33.) After not receiving an answer for two months, on May 7, 2003, Schlier wrote to the State Police inquiring as to the status of his application for readmission. (Doc. 67 ¶ 34.) Also, on May 8, 2003, Towing Co. applied to the Pennsylvania Department of General Services ("Department") to renew its status as an approved vendor of automotive service to the State Police for the fiscal year beginning July 1, 2003. (Doc. 67 ¶ 35.) On May 28, 2003, Defendant Joe Robb, Director of Vehicle Management for the Department, denied Towing Co.'s renewal application. (Doc. 67 ¶

36.)  However, in June of 2003, Towing Co. was reinstated to the towing service list of the Fern Ridge barracks. (Doc. 67 ¶ 37.)

After Towing Co. had been reinstated to the towing service list of the Fern Ridge barracks, Schlier met with Mario Scavello, a Representative in the Pennsylvania General Assembly ("Representative Scavello"), and Defendant Lieutenant David Douglas ("Lieutenant Douglas") in an attempt to have Towing Co. reinstated to the Swiftwater barracks towing service list. (Doc. 67 ¶ 38.)  During the meeting, Schlier mentioned that he had been reinstated to the towing service list of the Fern Ridge barracks, an event which Lieutenant Douglas stated he had not been aware. (*Id.*)  A few days after the meeting, Towing Co. was removed from the Fern Ridge barracks towing service list. (Doc. 67 ¶ 39.)  Towing Co. was not reinstated to any State Police barracks' towing service list until September of 2006. (Doc. 67 ¶ 40.)  The Department has not renewed Towing Co.'s status as an approved vendor of automobile service for the State Police. (Doc. 67 ¶ 41.)

On August 20, 2004, Plaintiffs filed a Complaint in this Court. (Doc. 1.)  Thereafter, on November 3, 2004, Defendants moved to dismiss Plaintiffs' Complaint. (Doc. 13.)  After Plaintiffs filed an Amended Complaint on January 7, 2005 (Doc. 18), on January 11, 2005, the Court entered an Order denying Defendants' motion as moot. (Doc. 19.)  On January 24, 2005, Defendants filed a Motion to Dismiss Plaintiffs' Amended Complaint. (Doc. 20.)  On February 16, 2006, the Court entered a Memorandum and Order denying Defendants' motion. (Doc. 29.)

On July 25, 2006, Plaintiffs filed a Motion for Leave to Serve a Second Amended Complaint. (Doc. 40.)  The Court denied Plaintiffs' motion on July 26, 2006. (Doc. 41.)

On August 8, 2006, Plaintiffs filed a Renewed Motion for Leave to Serve a Second Amended and Supplemental Complaint. (Doc. 47.)  By Order dated October 17, 2006, the Court granted Plaintiffs' motion. (Doc. 63.)  On October 18, 2006, Defendants filed a Motion for Reconsideration (Doc. 64) of the Court's grant of Plaintiffs' renewed motion.  This motion was denied. (Doc. 85.)

Plaintiffs filed their Second Amended and Supplemental Complaint on October 25, 2006. (Doc. 67.)  Therein, Plaintiffs alleged that Schlier had been deprived his First and Fourteenth Amendment rights under color of state law, in violation of 42 U.S.C. § 1983. (Doc. 67 ¶¶ 44-79.)  Thereafter, on November 14, 2006, Defendants filed a Motion to Dismiss Count III of Plaintiffs' Second Amended and Supplemental Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. (Doc. 76.)

This motion is fully briefed and ripe for disposition.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting all factual allegations in the complaint as true and "drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations in the complaint."  *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.,* 140 F.3d 478, 483 (3d Cir. 1998).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record.  *See Pension*

*Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss. *Id.* The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether the plaintiff will ultimately prevail. *See id.* In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

Defendants move this Court to dismiss Count III of Plaintiffs' Second Amended and Supplemental Complaint, in which Plaintiffs assert a section 1983 claim, based on an alleged violation of Plaintiffs' First Amendment rights, against Defendant Colonel Jeffrey B. Miller ("Colonel Miller"). Defendants argue that Plaintiffs have failed to allege that Colonel Miller was personally involved in the alleged constitutional deprivation. (Def.'s Br. 3-4, Doc. 77.)

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he has been deprived of a federal right (2) under color of state law. *Doty v. Pike County Corr.*

*Facility*, Civ. A. No. 3:04-CV-1742, 2006 WL 2850632, at *5 (M.D. Pa. Oct. 3, 2006).  In order to be liable under section 1983, the defendant must have personal involvement in the alleged wrongdoing. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). "Supervisory liability cannot be based solely upon the doctrine of respondeat superior." *Andrews v. City of Phila.*, 895 F.2d 1469, 1478 (3d Cir. 1990).  Rather, to hold a superior liable under section 1983 for the unconstitutional activities of one of his subordinates, a plaintiff must establish a causal connection between the superior's actions and the subordinate's unconstitutional activity. *See Black v. Stephens*, 662 F.2d 181, 189-91 (3d Cir. 1981), *cert. denied*, 455 U.S. 1008 (1982).  "To establish such a connection, [a] plaintiff must show either: (1) defendant's actual participation in the unlawful conduct or (2) defendant's personal knowledge of and acquiescence in, support of, or encouragement of that conduct." *Beckett v. McFadden*, Civ. A. No. 92-2079, 1993 U.S. Dist. LEXIS 5689, at *16 (E.D. Pa. Apr. 26, 1993); *see also Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

In their Second Amended and Supplemental Complaint, Plaintiffs allege that, on March 9, 2006, their counsel sent a letter to Colonel Miller, which was received on March 13, 2006, informing him that Plaintiffs "have been victims of retaliation by officials of the State Police for exercising their First Amendment rights to petition the government for redress of grievances.  Such retaliation has included removal from the towing referral lists of stations in the northeastern part of the Commonwealth and failure to reinstate them to these lists." (Doc. 67 ¶ 76.)  Plaintiffs' counsel demanded that Colonel Miller "immediately exercise [his] supervisory authority to end these [constitutional] violations. . .  your failure to prevent such violations would support a claim against you." (*Id.*)  Plaintiffs further allege that "[t]o date [August 8, 2006], Col. Miller has failed to prevent violations of

plaintiffs' constitutional rights alleged above and set forth in the March 9, 2006, letter to Col. Miller." (Doc. 67 ¶ 77.)  Essentially, Plaintiffs argue that Colonel Miller, the Commissioner of the State Police, has violated the First Amendment because Plaintiffs' counsel's letter of March 9, 2006 provided him with knowledge of the constitutional violations of his subordinates, and his delay in responding favorably to Plaintiffs' counsel's letter demonstrates that he has acquiesced in the First Amendment violations, as Colonel Miller has the authority to reinstate Plaintiffs to the towing referral list.  This refusal to remedy the constitutional violations committed by his subordinates, Plaintiffs assert, subjects Colonel Miller to liability under 42 U.S.C. § 1983.

Plaintiffs have adequately alleged a section 1983 claim against Colonel Miller. Plaintiffs have alleged that Colonel Miller had knowledge of the unconstitutional acts of his subordinate officers by virtue of his receiving Plaintiffs' counsel's letter.  It can be inferred that Colonel Miller had the authority to reinstate Plaintiffs to the towing referral list based upon his position as Commissioner of the State Police.  Colonel Miller's acquiescence in the allegedly unconstitutional act of removing Plaintiffs from the towing referral list, as retaliation for submitting the unpaid invoices, lodging a formal complaint and filing suit in the Pennsylvania Board of Claims, can be inferred from his failure to reinstate Plaintiffs after having received Plaintiffs' counsel's letter informing him of the substance of Plaintiffs' grievances.  Consequently, Defendants' Motion to Dismiss Count III of Plaintiffs' Second Amended and Supplemental Complaint for failure to state a claim upon which relief can be granted will be denied.

**CONCLUSION**

For the reasons stated above, the Court will deny Defendants' Motion to Dismiss Count III of Plaintiffs' Second Amended and Supplemental Complaint.

An appropriate Order will follow.


| January 11, 2007 | /s/ A. Richard Caputo |
|---|---|
| Date | A. Richard Caputo |
| | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JIMMY A. SCHLIER, WRECKERS INTERNATIONAL INC., d/b/a SCHLIER'S TOWING & SERVICE CENTER, | CIVIL ACTION NO. 3:04-CV-1863 |
| Plaintiffs, | (JUDGE CAPUTO) |
| v. | |
| CAPT. JOHN G. RICE, et al., | |
| Defendants. | |

## **ORDER**

**NOW**, this   11th   day of January, 2007, **IT IS HEREBY ORDERED** that Defendants Captain John G. Rice, Colonel Jeffrey B. Miller, Lieutenant Colonel Cynthia Transue, Lieutenant David Douglas, Daniel McGuire, Esquire, Joe M. Robb, and Josie Sharp's Motion to Dismiss (Doc. 76) Count III of Plaintiffs Jimmy A. Schlier, Wreckers International Inc., d/b/a Schlier's Towing & Service Center's Second Amended and Supplemental Complaint (Doc. 67) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is **DENIED**.

 /s/ A. Richard Caputo
 A. Richard Caputo
 United States District Judge