# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JIMMY A. SCHLIER, WRECKERS INT'L, INC. d/b/a SCHLIER'S TOWING & SERVICE CENTER,

    Plaintiffs,

v.

CAPTAIN JOHN G. RICE, et al.,

    Defendants.

CIVIL ACTION NO. 3:04-CV-1863

(JUDGE CAPUTO)

## **MEMORANDUM ORDER**

I have been provided with six documents by the Commissioner of the Pennsylvania State Police which are claimed to be subject to the attorney-client privilege. The documents are identified in a privilege log of April 30, 2007 (after documents determined not to be privileged were produced approximately one year after the subpoena called for these documents on April 12, 2006). The documents are identified as follows:

1. Memorandum dated 5/6/02 to Chief Counsel from D.T. Dougalas regarding Request for Legal Opinion-Towing Service Suspension.

2. Memorandum dated 5/14/02 from M. D. McDaniel to D.T. Dougalas regarding Request for Legal Opinion-Suspending Murray's Towing Service.

3. Memorandum dated 11/23/03 from D. T. Dougalas to J.G. Rice, copy to Chief Counsel regarding Request for Legal Opinion-Towing Employee.

4. Memorandum dated 12/31/03 from J.G. Rice to D.R. McGuire, copy to B.L. Christie regarding Legal Opinion-Towing Employee Disqualification.

    5.      Memorandum dated 3/3/06 from D.T. Dougalas to S.J. Barilar regarding REDACTED summary of legal opinion of D.R. McGuire.

    6.      Memorandum dated 4/28/06 from D.T. Dougalas to R.H. Hawn, Jr. regarding Murray's Towing Services Provided to PSP/Swiftwater.

There is no bright line time requirement for the assertion of the privilege. Here, when the initial responses were made, the documents produced were referred to those which were not privileged. A privilege log was not produced, and it was only after Plaintiffs' counsel's letter of April 19, 2007 to Defendants' counsel that the log was produced. Nevertheless it was produced and concerns the six documents noted. I do not find that there has been a waiver of the privilege based on these circumstances. The privilege is firmly rooted in our jurisprudence and waiver should not be lightly inferred.

I have reviewed the documents *in camera* and conclude as follows:

(1) The May 6, 2002 document to Chief Counsel from Lieutenant David T. Dougalas; the May 14, 2002 document to Lieutenant David T. Dougalas from Mary McDaniel, Assistant Counsel; the December 31, 2003 document to Captain John Rice from Daniel McGuire, Assistant Counsel; the unredacted March 3, 2006 document to Lieutenant Stephen J. Barilar from Lieutenant David T. Dougalas; and, the April 28, 2006 document from D.T. Dougalas to R.H. Hawn, Jr. are subject to the attorney-client privilege.

(2) The November 23, 2003 document to Captain John Rice from Lieutenant David T. Dougalas and the redacted version of the March 3, 2006 document to Lieutenant Stephen J. Barilar from Lieutenant David T. Dougalas are not privileged.

THEREFORE, IT IS HEREBY ORDERED that the Defendants shall produce the November 23, 2003 document to Captain John Rice from Lieutenant David T. Dougalas and the redacted version of the March 3, 2006 document to Lieutenant Stephen J. Barilar from Lieutenant David T. Dougalas within ten (10) days of this Order.

Date: May 29, 2007                         /s/ A. Richard Caputo
                                                      A. Richard Caputo
                                                    United States District Judge