IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JIMMY SCHLIER, : | |
| WRECKERS INTERNATIONAL, INC. : | |
| d/b/a SCHLIER TOWING & : | |
| SERVICE CENTER : | |
|       Plaintiffs, : | No. 3:CV-04-1863 |
| : | |
| v. : | |
| : | |
| CAPTAIN JOHN RICE, et al. : | (Judge Caputo) |
|       Defendants, : | (Electronically Filed) |

## DEFENDANTS' PROPOSED POINTS FOR CHARGE

                              THOMAS W. CORBETT, JR.
                              **Attorney General**

                              SARAH C. YERGER
                              Senior Deputy Attorney General
                              I.D. No. 70357

                              **AMY FOERSTER**
                              Senior Deputy Attorney General

                              **ROB HAWN, JR.**
                              Assistant Counsel, Pa. State Police

                              **SUSAN J. FORNEY**
**Office of Attorney General**     Chief Deputy Attorney General
**Litigation Section**                 Chief, Litigation Section
**15th Floor, Strawberry Square**
**Harrisburg, PA  17120**
**(717) 787-2944 – Direct**
**(717) 772-4526 – Fax**

**DATED: March 3, 2008**

## **DEFENDANTS' POINT FOR CHARGE 1**

The First Amendment to the United States Constitution gives persons a right to freedom of speech and to petition the Government for redress of grievances. Government officials and employees may not retaliate against persons for exercising these rights. In this case plaintiffs Schlier and Wreckers International, Inc. d/b/a Schlier's Towing and Service Center, allege Schlier reported acts of wrongdoing to the State Police and Schlier's Towing eventually filed a lawsuit in the Board of Claims. Plaintiffs further allege that defendants Rice, Dougalas and Miller retaliated against plaintiffs for those actions by removing Schlier's Towing from the State Police towing referral list and by refusing to reinstate it to the list after six months elapsed.

It is my duty to instruct you on whether plaintiffs engaged in activity that was protected by the First Amendment. In this case I instruct you that the following activity was protected by the First Amendment:

   1. Plaintiffs Schlier's April 27, 2002 letter to the Director of the State Police Division of Internal Affairs, complaining that the Swiftwater barracks of the State Police failed to pay for towing services provided by Schlier's Towing and had improperly directed towing business to another towing operator owned by a convicted felon; and

   2. The Board of Claims action filed by Schlier's Towing on November 15, 2002, which sought to recover payments for towing that it alleged it was owed by the State Police.

In order for plaintiffs to recover on their claims against

defendants Rice, Dougalas and Miller, they must prove both of the following by a preponderance of the evidence:

> First defendants Rice, Dougalas and/or Miller removed Schlier's Towing from the State Police towing referral list and refused to reinstate it on the list; and,
>
> Second, plaintiffs' protected activity substantially motivated defendants' decision.

In showing that plaintiffs' protected activity substantially motivated defendants' action, plaintiffs are not required to prove the protected activity was the sole motivation or even the primary motivation for defendants' decisions. Plaintiffs need only prove that the protected activity played a substantially motivating part in defendants' decision even though other factors may also have motivated defendants. Schlier and Schlier's Towing can make this showing in a number of ways. The timing of events can be relevant, for example, if the actions of Rice, Dougalas, and or Miller followed very shortly after defendants became aware of plaintiffs' protected activity. However, a more extended passage of time does not necessarily rule out a finding that plaintiffs' protected activity was a substantially motivating factor. For instance, you may also consider any antagonism shown toward plaintiffs or any change of demeanor toward plaintiffs.

In evaluating whether plaintiffs' protected activity substantially motivated defendants' decisions, you may also consider the reasons defendants' have put forward for the actions they have taken.

If you do find that plaintiffs' protected activity substantially motivated defendants' actions, you must then consider whether defendants would have taken the same action in the absence of the protected activity. In other words, if you find by a preponderance of the evidence that defendants would have removed Schlier's Towing from the towing referral list and refused to reinstate it, even if the April 27, 2002 letter had never been written and the November 15, 2002 Board of Claims action had never been filed, then you must render a verdict for defendants.

Model Jury Instruction 7.4 (3d Cir.)
*Mt. Healthy City Sch. Dist. v. Doyle,* 429 U.S. 274, 287 (1977)
*San Filippo v. Bongiovanni,* 30 F.2d 424, 443 (3d Cir. 1994)
*Suppan v. Dadonna,* 203 F.3d 228, 236 (3d Cir. 2000)

# DEFENDANTS' POINT FOR CHARGE 2

## CAUSATION – NONRETALIATORY EXPLANATION

If you find that plaintiffs have proven the defendants took action against them for their reports, then you must decide whether the defendants have given a non-retaliatory explanation for their actions regarding plaintiffs, which might include that their actions constituted a legitimate business decision on the part of the State Police.

If you find the defendants have given such an explanation, then you must decide whether plaintiffs have proven by a preponderance of the evidence that the reasons given by the defendants were not the true reasons for their action, that is, that they were simply excuses for retaliation, i.e. pretextual. However plaintiffs' disagreement with the reasons does not prove pretext.

*Billett v. CIGNA Corp.*, 940 F.2d 812 (3d Cir. 1991)
Devitt, et al., Federal Jury Practice and Instructions, §104.05 (4th ed.), p.1022.
Model Civil Jury Instruction, 3rd Cir., §7.2

**DEFENDANTS' POINT FOR CHARGE 3**

**SUPERVISORY LIABILITY**

Plaintiffs contend that defendant Miller's subordinates, defendant Rice and defendant Dougalas, violated plaintiffs' First Amendment rights and that defendant Miller should be liable for the conduct of Rice and Dougalas. If you find that defendants Rice and/or Dougalas violated plaintiffs' federal rights, then you must consider whether defendant Miller caused their conduct.

Defendant Miller is not liable for such a violation simply because Miller is the supervisor of Rice and Dougalas. To show that Miller caused their conduct, plaintiffs must show one of three things:

> First: Miller directed Rice and Dougalas to remove Schlier's towing from the towing referral list and to refuse to reinstate it after six months passed;
>
> Second: Miller had actual knowledge that Rice and/or Dougalas were violating plaintiffs' rights and Miller acquiesced in that violation; or,
>
> Third: Miller, acting with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused the violation.

As I mentioned, the first way for Schlier to show that Miller is Liable for the conduct of Rice and/or Dougalas is to show that Miller directed them to engage in the conduct.

Alternatively, the second way for Schlier to show that Miller is liable for the conduct of Rice and/or Dougalas is to show that Miller actually knew that Rice

5

and/or Dougalas violated Schlier's rights and acquiesced in the violation. To "acquiesce" in a violation means to give assent to the violation. Acquiescence does not require a statement of assent, our loud: acquiescence can occur through silent acceptance. If you find that Miller had authority over Rice and/or Dougalas and that Miller actually knew that one or both of them were violating Schlier's rights but failed to stop them from doing so, you may conclude that Miller acquiesced in the conduct of Rice and/or Dougalas.

Finally, the third way for Schlier to show that Miller is liable for the conduct of Rice and/or Dougalas is to show that Miller, acting with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused the conduct. Schlier does not contend that Miller established or maintained such a policy, practice or custom in this case. Therefore you need not consider this factor in determining whether Miller is liable for the conduct of Rice and/or Dougalas.

## **DEFENDANT'S POINT FOR CHARGE 4**

**DEFENDANTS' POINT FOR CHARGE**

You have heard evidence that Schlier's Towing was returned to the State Police towing referral list in 2006. You may not consider that evidence as indicating defendants' liability for either removing plaintiffs from the list or for failing to return plaintiffs to the list at an earlier date.

Fed.R.Ev. 407
Fed.R.Ev. 408

## **DEFENDANT'S POINT FOR CHARGE 5**

**DAMAGES – COMPENSATORY DAMAGES**

If you find defendants liable, then you must consider the issue of compensatory damages. You must award plaintiffs an amount that will fairly compensate them for any injury they actually sustained as a result of defendants' conduct.

Plaintiffs must show that the injury would not have occurred without defendants' act. Plaintiffs must also show that defendants' act played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of defendants' act. There can be more than one cause of an injury. To find that defendants' act caused plaintiffs' injury, you need not find that defendants' act was the nearest cause, either in time or space. However, if plaintiffs' injury was caused by a later, independent event that intervened between defendants' act and plaintiffs' injury, defendants are not liable unless the injury was reasonably foreseeable by defendants.

Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence. Plaintiffs have the burden or proving compensatory damages by a preponderance of the evidence.

Model Civil Jury Instruction, 3rd Cir., §4.8.1

## DEFENDANTS' POINT FOR CHARGE 6

**DAMAGES – NOMINAL DAMAGES**

If you return a verdict for plaintiffs, but plaintiffs have failed to prove compensatory damages, then you must award nominal damages of $1.00. A person whose federal rights were violated is entitled to a recognition of that violation, even if he suffered no actual injury. Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred. However, if you find actual injury, you must award compensatory damages rather than nominal damages.

Model Civil Jury Instruction, 3rd Cir., §4.8.2

## **DEFENDANTS' POINT FOR CHARGE 7**

**PUNITIVE DAMAGES**

In addition to compensatory or nominal damages, you may consider awarding plaintiffs punitive damages. A jury may award punitive damages to punish a defendant, or to deter the defendants and others like the defendants from committing such conduct in the future.

You may only award punitive damages if you find that defendants or a particular defendant acted maliciously or wantonly in violating plaintiffs' federal protected rights. In this case there are multiple defendants. You must make a separate determination whether each defendant acted maliciously or wantonly.

- A violation is malicious if it was prompted by ill will or spite towards the plaintiffs. A defendant is malicious when [he/she] consciously desire to violate federal rights of which [he/she] is aware, or when [he/she] consciously desire to injure the plaintiffs in a manner [he/she] knows to be unlawful. A conscious desire to perform the physical acts that caused plaintiffs' injury, or to fail to undertake certain acts, does not by itself establish that a defendant had a conscious desire to violate rights or injure plaintiffs unlawfully.

- A violation is wanton if the person committing the violation recklessly or callously disregarded the plaintiffs' rights.

If you find that it is more likely that not that defendants or a particular defendant acted maliciously or wantonly in violating plaintiffs' federal rights, then you may award punitive damages against that defendant. However, an award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them. Punitive damages are only awarded when you have found that defendants or the defendant in question acted maliciously or wantonly in violating plaintiffs' federal rights.

If you have found that defendants or defendant in question acted maliciously or wantonly in violating plaintiffs' federal rights, then you should consider the purposes of punitive damages. The purposes of punitive damages are to punish a defendant for a malicious or wanton violation of federal rights, or to deter the defendants and others like the defendant from doing similar things in the future, or both. Thus, you may consider whether to award punitive damages to punish defendants. You should also consider whether actual damages standing alone are sufficient to deter or prevent defendants from again performing any wrongful act [he/she] may have performed. Finally, you should consider whether an award of punitive damages in this case is likely to deter other persons from performing wrongful acts similar to those defendants may have committed.

If you decide to award punitive damages, then you should also consider the purposes of punitive damages in deciding the amount of punitive damages to award. That is, in deciding the amount of punitive damages, you should consider the degree to which defendants should be punished for [his/her] wrongful conduct, and the degree to which an award of one sum or another will deter defendants or others from committing similar wrongful acts in the future.

In considering the purposes of punishment and deterrence, you should consider the nature of the defendants' action. For example, you are entitled to consider whether a defendant's act was violent or non-violent; whether the defendant's act posed a risk to health or safety; whether the defendant acted in a deliberately deceptive manner; and whether the defendant engaged in repeated misconduct, or a single act. You should also consider the amount of harm actually caused by the defendants' act, and the harm that could result if such acts are not deterred in the future.

Model Civil Jury Instruction, 3rd Cir., §4.8.3

          Respectfully submitted,

          THOMAS W. CORBETT, JR.
          Attorney General

By:  *s/ Sarah C. Yerger*
      SARAH C. YERGER

Office of Attorney General       Senior Deputy Attorney General
15th Floor, Strawberry Square    Attorney ID 70357    ECF: Yes
Harrisburg, PA 17120
Phone: (717) 705-2503           AMY FOERSTER
Fax:   (717) 772-4526          Senior Deputy Attorney General
syerger@attorneygeneral.gov

                                           ROB HAWN
                                           Assistant Counsel
                                           Pennsylvania State Police

                                           SUSAN J. FORNEY
                                           Chief Deputy Attorney General
Date: March 3, 2008            Chief, Civil Litigation Section

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JIMMY SCHLIER, : | |
| WRECKERS INTERNATIONAL, INC. : | |
| d/b/a SCHLIER TOWING & : | |
| SERVICE CENTER : | |
| Plaintiffs, : | No. 3:CV-04-1863 |
| : | |
| v. : | |
| : | |
| CAPTAIN JOHN RICE, et al. : | (Judge Caputo) |
| Defendants, : | (Electronically Filed) |

## CERTIFICATE OF SERVICE

I, SARAH C. YERGER, Senior Deputy Attorney General, hereby certify that on this date a copy of the foregoing was served electronically via filing in the Middle District's Electronic Case Filing System to the following:

*Cletus Lyman Esquire*
*Michael S. Fettner, Esquire*
*Michael T. Sweeney, Esquire*
*Lyman & Ash*
*1612 Latimer Street*
*Philadelphia, PA 19103*

*s/Sarah C. Yerger*
**SARAH C. YERGER**
**Senior Deputy Attorney General**

**DATE: March 3, 2008**