# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JIMMY A. SCHLIER, et al., | |
| Plaintiffs, | NO. 3:04-CV-1863 |
| v. | |
| CAPT. JOHN G. RICE, et al., | (JUDGE CAPUTO) |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court is Plaintiffs' Motion for Reconsideration (Doc. 293). In the present motion, Plaintiffs request that the Court reconsider and amend its November 14, 2008 Memorandum and Order (Doc. 291) to grant a new trial on punitive damages in addition to compensatory damages. For the reasons stated below, the Court will deny Plaintiffs motion for reconsideration and request for a new trial on punitive damages.

## **BACKGROUND**

The Court has detailed the general background of the current case in several prior Memorandums. (*See e.g.*, Mem. & Order, Doc. 291 at 1-7.) The procedural history and facts relevant to the current motion are as follows.

On March 4, 2008, the parties proceeded to trial in order to resolve First Amendment retaliation claims against Defendants Rice, Miller, and Douglas. On March 18, 2008, Defendants renewed a prior Rule 50 motion, which was granted by the Court, dismissing Defendant Col. Miller from the case. The trial continued with Rice and Douglas the only remaining Defendants. On March 20, 2008, after twelve (12) days of trial, the jury returned a verdict in favor of Plaintiffs, awarding Plaintiff Jimmy Schlier two million, two hundred fifty thousand dollars ($2,250,000) in compensatory damages and awarding Plaintiff Wreckers

International, Inc. one million ($1,000,000) in compensatory damages. (Doc. 233.) This Court entered judgment accordingly. (Docs. 230, 231.) On March 31, Plaintiffs filed a Motion for a New Trial against Col. Jeffrey Miller pursuant to Federal Rules of Civil Procedure 59(a) and 50(d). (Doc. 240.) On April 2, 2008, Plaintiff Wreckers International, Inc. filed a Motion for New Trial on Wreckers' Compensatory Damages Only, pursuant to Federal Rule of Civil Procedure 59(a). (Doc. 243.) On April 3, 2008, Defendants Rice and Dougalas filed their Motion for Judgment as a Matter of Law or, Alternatively, for a New Trial Pursuant to Fed.R.Civ.P. 59(a), or For a Remittitur. (Doc. 248.)

On November 14, 2008, the Court denied (1) Plaintiffs' motion for a new trial against Defendant Miller, (2) Plaintiff Wreckers International's motion for a new trial on compensatory damages, (3) Defendants' motion for judgment as a matter of law, and (4) Defendants' motion for a new trial. (Doc. 291) The Court did, however, grant Defendants' motion for a remittitur, and ordered the Plaintiffs to remit two million, one hundred thousand dollars ($2,100,000) of the compensatory damage award. (*Id.*) The Court further provided that if Plaintiffs refused to accept one hundred fifty thousand dollars ($150,000) in compensatory damages, a new trial on the issue of compensatory pain and suffering damages would be conducted. (*Id.*) On November 24, 2008, Plaintiff Schlier notified the Court that he did not accept the one hundred fifty thousand dollar ($150,000) compensatory damage amount and elected for a new trial on damages.[1] (Doc. 292.) Also on November 24, 2008, Plaintiff Schlier filed the Motion for Reconsideration currently before the Court. (Doc. 293.) Plaintiff filed a Brief in Support (Doc. 301) of his motion on December 24, 2008,

---

[1] Jury selection and trial are currently scheduled to begin on June 22, 2009. (*See* Scheduling Order, Doc. 337.)

and the Defendants filed their Brief in Opposition (Doc. 305) on January 12, 2009. Plaintiff Schlier submitted a Reply Brief (Doc. 309) on January 27, 2009. The Court, accordingly, finds that the present motion has been thoroughly briefed and is currently ripe for disposition.

**LEGAL STANDARD**

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of entry. FED. R. CIV. P. 59(e). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp.2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp.2d 502, 504 (M.D. Pa. 1999).

3

## DISCUSSION

In his brief supporting the current motion, Plaintiff Schlier argues that "[r]econsideration is necessary here to correct a clear error of law, to prevent manifest injustice, and to decide a critical issue raised by Mr. Schlier in his August 25, 2008, brief in opposition to defendants' post-trial motion, but overlooked by the court." (Doc. 301 at 1.) In support of this argument, Plaintiff Schlier states that "[i]t is well settled that, where a new trial is granted on compensatory damages, it must at the same time be granted on punitive damages." (*Id*.) Plaintiff cites and relies upon cases from the the Fifth Circuit Court of Appeals, the Sixth Circuit Court of Appeals, the Court of Appeals for the District of Columbia, the Eastern District of Louisiana, and the Central District of California . (*Id.*)

The first case discussed by Plaintiff is *Hutchinson v. Stuckey*, 952 F.2d 1418 (DC Cir. 1992). In this case, a jury awarded the plaintiff fifty thousand dollars ($50,000) in compensatory damages and an additional fifty thousand dollars ($50,000) in punitive damages. The district court found the verdict "contrary to the weight of the evidence" because it found certain testimony supporting liability as incredible. *Id.* at 1420. The appellate court found this ground to be insufficient to support a new trial on this issue of liability. *Id*. The appellate court did, however, agree with the district court's determination that the damages awarded, both actual and punitive were too high. *Id.* at 1422. Accordingly, the appellate court remanded the case to the district court for a new trial on both compensatory and punitive damages, stating that "a jury should be permitted to consider the amount of actual damages in calculating a punitive damage award. Thus, when a new trial is ordered on actual damages, the question of punitive damages should also be retried." *Id.* at 1422.

Next, Plaintiff Schlier cites the Fifth Circuit Court of Appeals' decision in *Poullard v. Turner*, 298 F.3d 421 (5th Cir. 2002). In this case a jury awarded seven hundred fifty thousand dollars ($750,000) in compensatory damages and seven hundred fifty thousand dollars ($750,000) in punitive damages, and the district court rejected the defendants' motion for a new trial on liability and damages. *Id.* at 422. On review, the court of appeals found that the district court erred when it instructed the jury that it could award damages for the plaintiff's mental anguish, even though the plaintiff had affirmatively stated that he had no claims for mental pain, suffering or anguish. *Id.* at 423. Due to this error, the appellate court granted a new trial on compensatory damages. Moreover, the court also granted a new trial on punitive damages, citing to *Hutchinson* and stating that it would "follow the general rule that when a new trial is granted on compensatory damages, 'it must at the same time be granted on the issue of punitive damages.'" *Id.* at 424 (quoting L. SCHLUETER AND K. REDDEN, PUNITIVE DAMAGES § 6.3(B)(4th 2000).

In *Bell v. Johnson*, 404 F.3d 997 (6th Cir. 2005), the third case cited by Plaintiff Schlier, the circuit court reviewed a district court's decision to hold a new trial on damages after determining that a one thousand, five hundred dollar ($1,500) compensatory damage award went against the weight of the evidence. When granting the motion for a new trial, the district court found that "$1500.00 in compensatory damages with no award for punitive damages was against the great weight of the evidence at trial considering the egregiousness of [the defendant's] conduct and the effect such conduct had on [the plaintiff]." *Id.* at 1001. According to the district court the verdict was "simply not one which a jury, given the evidence . . . and applying the instructions on the law . . ., could reasonably have reached. The evidence shows that [the defendant's] conduct was wanton and oppressive. . .." *Id.* On

5

review, the circuit court found that the district judge had not abused his discretion when granting a new trial, noting that circuit courts must uphold district courts' decisions unless they have a definite and firm conviction that the district court committed a clear error of judgment. *Id.* at 1003-1004.

Finally, Plaintiff Schlier cites two cases from other district courts, *Antione v. County of Sacramento*, 566 F.Supp.2d 1045 (C.D. Cal. 2008), and *In re Vioxx Products Liability Litigation*, 448 F.Supp.2d 737 (E.D. La. 2006). In *Antione*, the district court granted a new trial on both compensatory and punitive damages after a trial in which a jury awarded the plaintiff twenty thousand dollars ($20,000) in compensatory damages and twenty-five thousand dollars ($25,000) in punitive damages. *Antione*, 566 F.Supp.2d at 1047. When granting the new trial, the court noted that the jury had expressed confusion concerning the instructions provided by the court. *Id.* at 1049-1052. Recognizing that the damage instructions provided to the jury were erroneous, the court found that, under the circumstances, it could not allow the compensatory damages award to stand. *Id.* at 1052. The court also noted that it could not "conclude with any confidence that the jury's punitive damage awards are divorced from its flawed award of actual damages" and concluded that the only fair and viable remedy [was] to allow the jury, upon new trial, to recalculate the amounts of punitive damages." *Id.* In *Vioxx*, a district court granted a motion for a new trial on damages after a jury awarded the plaintiff fifty million dollars ($50,000,000) in compensatory damages and one million dollars ($1,000,000) in punitive damages. *Vioxx*,448 F.Supp.2d at 741. In its analysis the district court found that the compensatory damage award was "grossly excessive" and ordered a new trial on compensatory damages. *Id.* Further, even though the court was untroubled by the one million dollar ($1,000,000)

punitive damage award, it found that, under *Poullard*, it was compelled to order a new trial on both compensatory and punitive damages. *Id.*

Based on its review of the cases cited by Plaintiff Schlier, along with the history of the current case, the Court finds that a new trial on the issue of punitive damages is not warranted, and will deny Plaintiff Schlier's motion for reconsideration. Unlike most of the cases Plaintiff Schlier cites in support of his current motion,[2] the jury in the current case did not award punitive damages at the conclusion of trial. Rather, the jury (1) received the Court's instructions on the issue of punitive damages, (2) considered the presented evidence in light of these instructions, and (3) did not award Plaintiff Schlier punitive damages in addition to compensatory damages. Plaintiff Schlier now argues that the jury's decision to award two million, two hundred twenty-five thousand dollars ($2,225,000) in compensatory damages "undoubtedly was based upon passion or an improper intent to punish" the defendants. (Br. in Supp, Doc. 301, at 6.) This argument, however, simply assumes that the jury either intentionally or mistakenly included some portion of their compensatory damages award in effort to punish or chastise the Defendants. Plaintiff Schlier presents no evidence or argument that the Court improperly instructed the jury or that the jury was either confused by or misinterpreted the damages instructions. Moreover, based on the evidence presented at trial, the Court finds no clear error of law or manifest injustice in the jury's determination that punitive damages should not be awarded in this case.

---

[2] The Court notes that the district court in *Bell v. Johnson*, *supra*, granted a new trial on both compensatory and punitive damages, even though the jury did not originally award punitive damages. However, the district court in that case awarded a new trial after finding that the evidence clearly indicated that the defendant's conduct was "wanton and oppressive." *Bell*, 404 F.3d at 1001. In contrast, the Court finds in its review of the current case, that a reasonable jury, when considering the evidence and applying the instructions of law, could determine that punitive damages are not warranted.

7

The Court, accordingly, finds that Plaintiff Schlier has not identified an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error of law or fact or to prevent manifest injustice, and will deny Plaintiff Schlier's Motion for Reconsideration.

**CONCLUSION**

For the reasons stated above, Plaintiff Schlier's Motion for Reconsideration (Doc. 293) will be denied.

An appropriate Order follows.

| | |
|---|---|
| May 7, 2009 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JIMMY A. SCHLIER, et al., | |
| Plaintiffs, | NO. 3:04-CV-1863 |
| v. | |
| CAPT. JOHN G. RICE, et al., | (JUDGE CAPUTO) |
| Defendants. | |

## ORDER

**NOW**, this 7th day of May, 2009, **IT IS HEREBY ORDERED** that Plaintiff Schlier's Motion for Reconsideration (Doc. 293) is **DENIED**.

    /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge