```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JIMMY A. SCHLIER, et al.,       :
                                :
              Plaintiffs,       :
                                :
     v.                         : No. 04-cv-1863 (ARC)
                                :
CAPT. JOHN G. RICE, et al.,     :
                                :
              Defendants.       :
```

PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff Jimmy A. Schlier, pursuant to Local Rule 51.1, hereby submits his proposed jury instructions.

/s/ *Cletus P. Lyman*
Cletus P. Lyman
Michael S. Fettner
Michael T. Sweeney
LYMAN & ASH
1612 Latimer Street
Philadelphia, PA 19103
Tel (215) 732-7040
Fax (215) 732-2496
cletus@lymanash.com
michael@lymanash.com
mts@lymanash.com

Counsel for Plaintiffs

Instruction 1

The first jury in this case determined that Major Rice and Lt. Dougalas are liable to plaintiff Schlier. Therefore you must consider the issue of compensatory damages to Mr. Schlier.

Now I'm going to instruct you on actual or compensatory damages.

You must award Mr. Schlier an amount that will fairly compensate him for any injury he actually sustained as a result of defendants' conduct.

Mr. Schlier must show that the injury would not have occurred without the defendants' acts. Mr. Schlier must also show that the defendants' acts or omissions played a substantial part in bringing about the injury, and that the injury was either the direct result or a reasonable and probable consequence of Major Rice and/or Lieutenant Dougalas's acts.

There can be more than one cause of an injury. To find Major Rice and/or Lieutenant Dougalas's act or omission caused the plaintiff's injuries, you need not find that Major Rice and/or Lieutenant Dougalas's act or omission was the nearest cause either in time or space.

However, if Mr. Schlier's injuries were caused by a later independent event that intervened between Major Rice and Lieutenant Dougalas's acts and the plaintiff's injuries, then the defendants are not liable unless the injuries were reasonably foreseeable by Major Rice and/or Lieutenant Dougalas.

Compensatory damages must not be based on speculation or sympathy; they must be based on the evidence presented here at

trial and only that evidence. Mr. Schlier has the burden of proving compensatory damages by a preponderance of the evidence.

Adapted from March 19, 2008, NT 129-130.

Instruction 2

Mr. Schlier seeks damages for emotional harm, humiliation, and loss of personal reputation. Carey v. Piphus, 435 US 247, 262-264 (1978); Bolden v. SEPTA, 21 F.3d 29 (3d Cir. 1994).

Emotional harm includes all highly unpleasant mental reactions such as fright, horror, shame, humiliation, embarrassment, anger, chagrin, disappointment, and worry. *Pa.SSJI (Civ) § 13.03*.

Emotional harm includes self-doubt. Hall v. Commonwealth, 2006 WL 2772551 (MDPa 2006).

Emotional harm includes both physical and emotional symptoms, notably flashbacks, problems sleeping, anxiety, humiliation, apathy, lack of concentration, and changes in appetite. Marchisotto v. City of New York, 2007 U.S. Dist. LEXIS 27046, *32-*33 (SDNY 2007).

## Instruction 3

Emotional distress is 'customarily proved by showing the nature and circumstances of the wrong and its effect on the plaintiff. Genuine injury in this respect may be evidenced by one's conduct and observed by others.' Carey v. Piphus, 435 US 247, 263-264 (1978); Bolden v. SEPTA, 21 F.3d 29, 36 (3d Cir. 1994).

In determining the amount of an award, a jury may consider: the previous general standing and reputation of Mr. Schlier in his community; the character, extent and duration of defendants' conduct; defendants' unsuccessful assertions of the reasons for their conduct as a matter likely to affect Mr. Schlier's reputation; and, what probable effect the conduct of defendants had on Mr. Schlier's business and the harm that may have been sustained by him as a result of that conduct. Pa.SSJI (Civ.) § 1310.

Instruction 4

You must compensate plaintiff for any harm you find to have been caused by specious reasons offered to explain plaintiff's removal from the towing referral lists.  <u>Chadwell v. Lee County School Board</u>, 535 F.Supp.2d 586, 601 (WDVA 2008); <u>Depaoli v. Vacation Sales Associates, LLC</u>, 489 F.3d 615, 620 (4th Cir. 2007); <u>McDonough v. City of Quincy</u>, 452 F.3d 8, 22 (1st Cir. 2006).

Instruction 5

The defendants take plaintiff as the defendants find him, and are liable for the full extent of the damage they have inflicted, even if it is greater than they could have foreseen because plaintiff was particularly susceptible to injury. Tabor v. Miller, 389 F.2d 645, 647-648 (3d Cir. 1968).

A defendant is liable for aggravating a preexisting emotional condition. Jenson v. Eveleth Taconite Co., 130 F.3d 1287, 1294-95 (8th Cir. 1997); Stoleson v. United States, 708 F.2d 1217, 1221 (7th Cir. 1983); Tobin v. Liberty Mutual Ins. Co., 2007 U.S.Dist. LEXIS 23680, *24-25 (D.Mass); Johnson v. Clark, 484 F. Supp. 2d 1242, 1258-1259 (MDFla 2007).

Defendants are liable for emotional distress that aggravates a physical condition. Pierce v. Southern Pacific Transportation Co., 823 F.2d 1366, n. 2 (9th Cir. 1987).